UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL FRITZ | |
| | No. |
| vs. | |
| | **JURY TRIAL DEMANDED** |
| TERMINITE, INC., BRINKS TANK SERVICES, INC. and RONALD BRINKS | |

## CIVIL ACTION COMPLAINT

### JURISDICTION AND VENUE

1. This Court has jurisdiction of this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216 (hereinafter "FLSA") and 28 U.S.C. § 1331.

2. Venue lies in the United States District Court for the District of New Jersey pursuant to 28 U.S.C. §1391 because defendants maintain places of businesses in this District in both Union County and Morris County.

### PARTIES

3. Plaintiff, Michael Fritz, is an adult individual residing at 625 Beachwood Avenue, Toms River, NJ 08753.

4. Defendant, Terminite Inc. (hereinafter "Terminite"), is a corporation with a place of business located at 1256 Liberty Avenue, Hillside, NJ 07205.

5. Defendant, Brinks Tank Services, Inc. (hereinafter "BTSI"), is a corporation with a place of business located at

1256 Liberty Avenue, Hillside, NJ 07205.

6. Defendant, Ronald Brinks (hereinafter "Brinks"), is an adult individual residing at 5 Turtle Road, Morristown, NJ 07960.

**FACTS**

7. Plaintiff commenced employment with defendants Terminite and Brinks on or about April 1, 2012 as a Pest Control Home Inspector.

8. In about August 2014, Plaintiff was trained to locate oil tanks and thereafter was assigned by defendant Terminite and Brinks to intermittently work as an "Environmental Technician" for defendant BTSI as a shared employee.

9. Plaintiff's pay during Mondays through Fridays for his work for both defendant Terminite and defendant BTSI came directly from defendant Terminite.

10. Plaintiff was not exempt from the provisions of the FLSA for the reasons specified in Count 1 below.

11. Defendant Brinks is personally liable under the FLSA because he was an "employer" as defined pursuant to the FLSA because, at all times material hereto, he was an officer of both the defendant Terminite and the defendant BTSI, and he maintained control over the operations and employment practices

of both of these companies by engaging in activities including but not limited to:

(a) He was the final decision maker on all matters concerning the operation of the companies;

(b) He established all of the policies of the companies;

(c) He was the policy maker for the companies;

(d) He made or participated in every important decision made on behalf the companies and all such decisions required his final approval; and

(e) He formulated all policies related to payroll and wages.

12. The defendants herein were alter-egos of one another because they shared multiple employees and shared in the payment of employee wages for multiple employees of defendant Terminite as set forth herein below.

13. The applicable time period to this complaint goes back at least three years from the date of filing of this complaint through June 3, 2018. (hereinafter "the applicable time period").

14. Plaintiff's rate of pay with defendants was $23.00 per hour during the applicable time period.

15. Plaintiff worked an average of at least 11 hours per week (which include one hour per day for "lunch breach" which plaintiff never took and Saturday hours in excess of $150.00 as

described herein below) for defendants during the applicable time period.

16. For the first five hours of overtime during plaintiff's regular work week – Monday through Friday—plaintiff was paid only straight time.

17. For all hours plaintiff worked on Saturdays, Defendants paid plaintiff a $150.00 flat fee by way of a checking account in the name of defendant Brinks which only compensated him for 4.35 hours of overtime per week.

18. Thus, during the applicable time period, plaintiff was compensated only $265.00 per week for at least 11 hours of overtime per week by defendants.

19. Based upon plaintiff's overtime rate of $34.50 per hour, he was entitled to be paid at least $379.50 per week for the at least 11 hours of overtime for defendants described above.

20. Thus, plaintiff was underpaid at a rate of at least $114.50 per week by defendants during the applicable time period.

21. Plaintiff thus was underpaid for at least 147 weeks by defendants, which resulted in total lost overtime pay of at least $16,831.50 in overtime wages during the applicable time period.

**COUNT I – Failure to Pay Overtime**

22. The plaintiff incorporates herein previous averments as if fully set forth at length herein.

23. Defendants operate business, which are engaged in commerce and have annual gross sales volume in excess of $500,000.00 annually.

24. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one half times the employee's regular rate of pay, for all hours worked in excess of 40 per week.

25. By the above-alleged conduct, defendant has violated the FLSA by failing to pay plaintiff's overtime compensation as required by the FLSA in the sum of at least $16,831.50 during the applicable time period.

26. Section 13 of the FLSA, 29 U.S.C. §2 13, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA. However, none of the Section 13 exemptions apply to the plaintiff because, plaintiff had not been paid a guaranteed salary of at least $455.00 per week and had not otherwise met the requirements for coverage under the exemptions.

27. Defendants have acted willfully and have either known that their conduct violated the FLSA or has shown reckless

disregard for the matter of whether their conduct violated the FLSA.

28. Defendants have not acted in good faith with respect to the conduct alleged herein.

29. Specifically, defendants failed to pay plaintiff in full for all overtime worked as aforesaid.

30. As a result of Defendants' unlawful practices, plaintiff suffered a loss of wages.

31. Plaintiff is entitled to recover from the Defendants liquidated damages in a sum equal to actual damages pursuant to the FLSA of at least $16,831.50.

32. Plaintiff is entitled to recover from the Defendants reasonable attorneys' fees at a rate of at least $450.00 per hour and costs pursuant to the FLSA.

33. Thus, plaintiff seeks damages of at least $33,663.00 in actual and liquidated damages along with reasonable attorneys' fees and costs pursuant to Count 1 of his Complaint.

WHEREFORE, plaintiff demands that judgment on Count 1 to be entered in his favor against defendants either jointly, severally or individually for unpaid overtime, liquidated damages, reasonable attorney's fees, costs and any other relief that this Honorable Court deems to be fair and proper.

/s/ Samuel A. Dion

Samuel A. Dion, Esq.
Dion & Goldberger
1845 Walnut Street, Suite 1199
Philadelphia, PA 19103
215-546-6033 (phone)
215-546-6269 (fax)
Samueldion@aol.com (email)
Attorneys for Plaintiff