NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MICHAEL FRITZ, | Civil Action No. 19-15749 (SRC) |
| Plaintiff, | OPINION |
| v. |  |
| TERMINITE, INC. et al., |  |
| Defendants. |  |

**CHESLER**, District Judge

This action arises out of alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq. On or about April 2, 2020, the parties reached a settlement in principle of their claims. Now before the Court is the joint motion for approval of the settlement between Plaintiff Michael Fritz ("Fritz") and Defendants Terminite, Inc., Brinks Tank Services, Inc. and Ronald Brink (collectively "Defendants").

Although Third Circuit precedent is silent on the matter of judicial approval of FLSA settlements, district courts in this jurisdiction abide by the principle that settlement of FLSA claims under 29 U.S.C. § 216(b) requires court approval. See Jones v. SCO, Silver Care Operations LLC, No. 13-7910, 2019 WL 2022371, at *1 (D.N.J. May 8, 2019); see also Bettger v. Crossmark, Inc., No. 13-2030, 2015 WL 279754, at * 3 (M.D. Pa. Jan. 22, 2015) ("Although the Third Circuit has not addressed whether [FSLA] actions claiming unpaid wages may be

1

...

settled privately without first obtaining court approval, district courts within the Third Circuit have followed the majority position and assumed that judicial approval is necessary.").

The Court will briefly set forth the case background. On July 24, 2019, Fritz initiated this lawsuit. In the Complaint, Fritz alleged that: (i) he commenced employment with defendants Terminite, Inc. ("Terminite") and/or Brink's Tank Services Inc. ("Brink's Tank Services") in or around April 2012; (ii) in or around August 2014, he was trained to locate oil tanks and thereafter assigned by Terminite and/or Brink's Tank Services to intermittently work as an Environmental Technician as a shared employee of the two entities; (iii) he was paid for his regularly scheduled, Monday through Friday work by Terminite at an hourly rate of $23; (iv) in addition to his regularly scheduled work, he worked on average at least an additional 11 hours per week either on weekdays or on Saturdays; (v) for the first five overtime hours per week on Mondays through Fridays, he was only paid straight time; (vi) for any Saturday hours, he was only paid a flat fee of $150; (vii) plaintiff, therefore, was only paid the sum of $265 per week for at least 11 overtime hours; (viii) plaintiff, therefore, was underpaid by at least $114.50 per week; and (ix) pursuant to the federal Fair Labor Standards Act, plaintiff claims the total sum of $16,831.50 ($114.50 per week times 147 weeks) or the applicable time period.

Turning, then, to the instant motion for approval of the settlement, the Court has reviewed the Settlement Agreement negotiated by the parties. Although the Third Circuit has not adopted a standard for evaluating the settlement of a FLSA action, district courts within the Third Circuit have followed the guidance set forth by the Eleventh Circuit in Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dep't of Labor, 679 F.2d 1350 (11th Cir. 1982); see also Bettger, 2015 WL 279754 at *3 ("In the absence of guidance from the Third Circuit, courts have routinely employed the considerations set forth by the Eleventh Circuit in *Lynn's Food Stores*,

679 F.2d 1350, to evaluate proposed settlement agreements."). Lynn's Food Stores instructs that, to approve a settlement under FLSA § 216(b), a district court must determine that the matter concerns a bona fide dispute and that the settlement is a "fair and reasonable resolution" of the FLSA claims. Lynn's Food Stores, 679 F.2d at 1355; see also Cruz v. JMC Holdings, Ltd., No. 16-9321, 2019 WL 4745284, at *3 and n.3 (D.N.J. Sept. 30, 2019) (applying the standard articulated by Lynn's Food Stores to evaluate a proposed FLSA settlement agreement).

For the reasons that follow, that Court finds that the settlement reached by the parties to this action satisfies the standard for approval.

As to the threshold question of whether the action concerns a bona fide dispute under the FLSA, the Court must inquire whether the settlement "reflect[s] a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute" or whether it concerns some issue falling outside of an adversarial context between employer and employees, such as a "mere waiver of statutory rights brought about the an employer's overreaching." Lynn's Food Stores, 679 F.2d at 1354. In other words, to constitute a bona fide dispute, the matter resolved by the settlement under review must present contested factual issues, not purely legal issues concerning the FLSA's applicability. See Brumley v. Camin Cargo Control, Inc., No. 08-1798, 2012 WL 1019337, at *2 (D.N.J. Mar. 26, 2012). In this case, it is clear that the parties have been engaged in a bona fide dispute.

Next, the Court must consider whether the settlement reached by the parties is fair and reasonable. Courts in the Third Circuit break this analysis down into two parts: "(1) whether the compromise is fair and reasonable to the employee; and (2) whether the compromise otherwise frustrates the implementation of the FLSA." Gabrielyan v. S.O. Rose Apartments LLC, No. 15-1771, 2015 WL 5853924, at *2 (D.N.J. Oct. 5, 2015). As to the first matter, the Court follows the

practice of district courts and applies the Girsh factors, established for use in the Rule 23 class action context, to evaluate the fairness of the FLSA collective action settlement. Brumley, 2012 WL 1019337 at *4. The Girsh factors are as follows:

> (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) stage of the proceedings and the amount of discovery completed; (4) risks of establishing liability; (5) risks of establishing damages; (6) risks of maintaining the class action through the trial; (7) ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.

Id. (quoting Girsh v. Jepson, 521 F.2d 153, 157 (3d Cir. 1975).

The Court finds that these factors weigh decidedly in favor of approving the settlement as fair and reasonable. The settlement amount before the Court reflects the uncertainty of future litigation and reasonably provides Plaintiff with damages.

Finally, turning to the question of whether the settlement frustrates the implementation of the FLSA, the Court finds that it does not. Indicia of a compromise which runs counter to the FLSA's purpose of protecting workers include restrictive confidentiality clauses and overly broad release provisions. See, e.g., Brumley, 2012 WL 1019337, at *2 (noting that settlements that place "constraints on employees beyond their full compensation under the FLSA" such as barring FLSA plaintiffs from informing fellow employees of the result obtained diminish the benefit to the plaintiffs and frustrate the FLSA's purpose); Mabry v. Hildebrandt, No. 14-5525, 2015 WL 5025810, at *2-3 (E.D. Pa. Aug. 24, 2015) (rejecting confidentiality provision in a settlement of FLSA claims as "unnecessarily restrictive" and counter to the FLSA's purpose of correcting imbalances of power and information between employers and their employees). The Settlement Agreement before the Court does not frustrate the implementation of the FLSA.

4

Therefore, for the reasons discussed, the Court will grant the parties' joint motion for approval of the settlement in this FLSA collective action brought pursuant to 29 U.S.C. § 216(b). An appropriate Order will be filed.

   s/ Stanley R. Chesler   <br>
STANLEY R. CHESLER<br>
United States District Judge

Dated: August 25, 2020